OCTOBER TERM, 1883, No. 119.        OCTOBER 8,1883.

# Overseers of the Poor of Scott Township *v.* County of Lawrence.

1. Where notice has been served upon a poor district from the Quarter Sessions to appear and show cause why it should not be certified as the place of settlement of an insane pauper committed to the Western Pennsylvania Hospital, and upon the hearing, the Court has certified the poor district to be the pauper's last place of settlement; such order, unappealed from, is final and conclusive of the place of settlement.

2. The question of settlement cannot be retried in an action under act of 22d April, 1863, s. 12, by the county against the poor district for the amount paid to the asylum for maintenance.

Before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

Error to the Court of Common Pleas of *Lawrence County*.

*Assumpsit* by Lawrence county against the overseers of the poor of Scott township.

On the trial in the Court below before BREDIN, J., the jury, September 29, 1882, found a special verdict as follows :

The jury empaneled in above case do find that one Alexander Ewing was charged at May sessions, A. D. 1873, Lawrence county, with an offense punishable by imprisonment, and was acquitted by the jury on the ground of insanity at the time the said offense was committed, and thereupon was committed by the said Court to the Western Pennsylvania Hospital as an insane person, residence and settlement certified as in Scott township, without notice ; and rule to show cause why Scott township should not be certified as the last legal settlement of said Ewing was granted February 20th, A. D. 1879. Service thereof was made on the overseers of the poor in Scott township having charge of the poor in said district February 26, 1879, and, after due notice and hearing, the said Court certified to the managers of the said hospital that the legal settlement of Alexander Ewing was in said township of Scott, Lawrence county aforesaid, at the time the offense was committed ; that since the commitment to the said hospital, the county of Lawrence has paid to the said hospital the sum of $1,407, or at the rate of $3 per week, for the maintenance and support of said Alexander Ewing

[Overseers of the Poor of Scott Township *v.* County of Lawrence.]

in said hospital, and has received from the committee of said Ewing the sum of $270, the proceeds of all property belonging to said Ewing, who was thenceforth in indigent circumstances. The jury do find that the legal settlement of Alexander Ewing at the time of the commission of said offense was in Scott township, Lawrence county, Pennsylvania, wherefore they pray the judgment of the Court, if the plaintiff can recover from the defendant, and if recovery can be had, whether recovery can be had for the sum of of $1,306, paid by said county, before the service of the rule in 1879.

The Court subsequently entered judgment on the verdict for the plaintiff.

The defendant then took out a writ of error, assigning numerous errors, which, under the view which the Court took of the case, are not material to be set forth.

*J. B. & E. T. Kurtz* and *Martin & Gardner* for plaintiff in error.

*Oscar L. Jackson* for defendant in error.

October 22, 1883.—Per Curiam : In the case of the overseers of the poor of Harmony township *v.* the county of Forest, it was held that, under the act of the 22d of April, 1863, a county could recover from a township poor district the amount paid for the maintenance of an insane pauper without having his settlement first certified by the Quarter Sessions. In such case, however, it was held that the township was at liberty to contest the pauper's settlement. But, regularly, notice should be served upon the poor district, from the Quarter Sessions, to appear and show cause why it should not be certified as the place of settlement, and thereupon, upon hearing, the Court may make such order in the premises as to it seems just and right. This order, unappealed from, is final and conclusive of the place of settlement, and this question cannot be retried in an action by the county against the poor district for the amount paid to the asylum for maintenance. Previously to the bringing of the suit now in hand, the Quarter Sessions, after notice to the overseers of Scott township, certified that district to be the last place of the pauper's settlement. This was a definite determination of that question, and the Court below would have been justified in so charging the jury. When, therefore, that question was submitted for the consideration of the jury, the defendant was treated more favorably than it had a

right to demand; hence the complaint now before us is utterly without foundation or merit.

Judgment affirmed.